OPINION OF THE COURT
Frank M. Klinger, J.
The issue presented in this case is whether or not a local City Court has personal jurisdiction over a claim as defined in UCCA article 18 “Small Claims”, notwithstanding the fact that jurisdiction would not lie under the jurisdictional UCCA 213. In particular, defendant argues that article 18 “Small Claims” cannot confer greater jurisdiction upon the court than is conferred by section 213. The question is really whether the City Court can have personal jurisdiction of a matter brought as a small claim even though jurisdiction would clearly not lie if the same matter were brought by the same parties at a regular term of City Court.
To the best of our knowledge no court of this State has ever issued a written decision on this issue.
The case at bar is a good test for the question. The plaintiff is a resident of the City of Syracuse and County of Onondaga and has no employment nor a place for the regular transaction of business in the City of Oswego nor County of Oswego. The defendant does not live within the City of Oswego or a town contiguous to such city and has neither regular employment nor a place for the transaction *610 of business within the City of Oswego. Defendant, however, resides in the Town of Cleveland which is within the County of Oswego but is not a town contiguous to the City of Oswego.
Section 213 provides that in an action described in section 202, either a plaintiff or a defendant must be a resident of the city or of a town contiguous to such city provided that such town is within the same county, have regular employment within the city, or have a place for the regular transaction of business within the city.
The plaintiff clearly wishes to utilize small claims. He cannot do so in Syracuse because the defendant does not reside within Onondaga County (UCCA 1801). If our decision denies him the right to use Oswego City Court Small Claims, plaintiff would thus be limited to the use of small claims through the Town or Village Court in the Town of Bernhards Bay, the residence of defendant.
I believe that a reasonable interpretation of the apparent intention of the Legislature would be to permit a prospective plaintiff the use of the small claims procedure of a City Court within the same county as the town of the defendant’s residence, as well as the use of the Town Court of the town of defendant’s residence, rather than to limit the plaintiff to the latter remedy.
It is readily apparent that section 213 does not grant jurisdiction to this court to hear this matter and section 213 does in fact refer to actions described in section 202 which grants the court subject matter jurisdiction over actions for the recovery of money and chattels.
The question, however, is whether UCCA 202, 213 jurisdiction constitutes the outer limits of City Court jurisdiction or whether the City Court has jurisdiction in addition to that conferred by those sections.
Article 2 — “Jurisdiction” — also contains section 201 entitled “Jurisdiction; in general” which states that: “[t]he court shall have jurisdiction as set forth in this article and as elsewhere provided by law” (emphasis added). “[T]his article” contains section 207 entitled “Small claims” which states that “[t]he court shall have jurisdiction of small claims as defined in article 18 of this act.”
*611 Article 18 “Small Claims” certainly falls within the category of “elsewhere”. Section 1801 gives the court jurisdiction of an action for money only not in excess of $1,500 “provided that the defendant either resides, or has an office for the transaction of business or a regular employment, within the county”. Such language in my view would certainly seem to be a grant of personal as well as subject matter jurisdiction to the court.
I therefore hold that UCCA 201 and 207 do grant jurisdiction to the City Courts of small claims which meet the subject matter and personal jurisdictional requirements of section 1801, irrespective of whether or not they would meet the jurisdictional requirements for a regular City Court action pursuant to sections 202 and 213.
The defendant’s motion to dismiss for lack of jurisdiction is therefore denied and this matter is set down for trial on April 20, 1984 at 9:00 a.m.